**JEFFREY LE BEAU, ESQ.** SBN 125828
PEACOCK & LE BEAU
3741 EAST 4TH STREET
LONG BEACH, CA 90814
Telephone: (562) 284-6511
Fax No.:    (562) 284-6516

**ROBERT P. DAMONE, ESQ.** SBN 136588
GLASER, DAMONE & SCHROEDER
400 OCEANGATE, SUITE 800
LONG BEACH, CALIFORNIA  90802
Telephone: (562) 983-3130

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHILIP ELIOT,<br><br>                          Plaintiff,<br><br>       v.<br><br>COUNTY OF ORANGE; AND ORANGE COUNTY SHERIFF DEPUTY BENSON, ORANGE COUNTY SHERIFF DEPUTY GARNER, ORANGE COUNTY SHERIFF DEPUTY MORASHITA, ORANGE COUNTY SHERIFF DEPUTY DURAN, INDIVIDUALLY AND AS PEACE OFFICERS IDENTIFIED AND  DOES 1-20,<br><br>                          Defendants. | CASE NO.  8:14-cv-14-00893<br><br>**COMPLAINT FOR DAMAGES:**<br><br>**1. VIOLATION OF CIVIL RIGHTS (42 U.S.C. §1983)**<br><br>**2. <u>MONELL</u> CLAIM (42 U.S.C. §1983)**<br><br>**3. VIOLATION OF CIVIL RIGHTS (CAL. CIVIL  §52.1)**<br><br>**4. BATTERY BY PEACE OFFICER**<br><br>**5. NEGLIGENCE**<br><br>**DEMAND FOR JURY TRIAL** |

## JURISDICTION

1.     Jurisdiction of this court is invoked under 28 U.S.C.§§ 1343, (1), (2), (3) and (4). This action at law for money damages arises under Title 42 U.S.C. § 1983 and the United States Constitution, the laws of the State of California and common law principles to redress a deprivation under color of state law of rights, privileges and immunities secured to Plaintiff by said statutes, and by the First, Fourth and Fourteenth Amendments of the United States Constitution.

1

COMPLAINT FOR DAMAGES

**ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

2. At all times herein mentioned, Plaintiff PHILIP ELIOT is and at all relevant times, was a resident of the County of Orange, State of California.

3. At all times herein mentioned, Defendants ORANGE COUNTY SHERIFF DEPUTY BENSON, ORANGE COUNTY SHERIFF DEPUTY GARNER, ORANGE COUNTY SHERIFF DEPUTY MORASHITA, ORANGE COUNTY SHERIFF DEPUTY DURAN, INDIVIDUALLY AND AS PEACE OFFICERS IDENTIFIED AND DOES 1-20, inclusive and each of them, are believed to be residents of the County of Orange, State of California and employees of Defendant COUNTY OF ORANGE and are peace officers.

4. Defendant COUNTY OF ORANGE (HEREINAFTER "COUNTY") is at all times herein mentioned has been a public entity duly authorized and existing as such in and under the laws of the State of California; and at all times herein mentioned, Defendant COUNTY has possessed the power and authority to adopt policies and prescribe rules, regulations and practices affecting the operation of the Orange County Sheriff's Department and particularly said Department's jail operations, courtroom lock up operations, Internal Investigations and Training and Personnel Divisions and other operations and subdivisions presently unidentified to Plaintiff and their tactics, methods, practices, customs and usages related to internal investigations, personnel supervision and records maintenance, the use and deployment of dangerous weapons, the use of force and power of search and arrest by its rank and file.

5. Defendants, and each of them, did the acts and omissions hereinafter alleged in bad faith and with knowledge that their conduct violated well established and settled law.

6.	The incident complained of began at or about May 3, 2013. Plaintiff was in lock up over the lunch hour in the Orange County Courthouse located at 700 Civic Center Dr. West, Santa Ana, California awaiting a hearing on a probation violation for failing to report a change of address. Plaintiff is informed and believes and thereon alleges that at some point plaintiff became faint and was lowered to the ground by other inmates who then called for help and advised ORANGE COUNTY SHERIFF DEPUTY BENSON, ORANGE COUNTY SHERIFF DEPUTY GARNER, ORANGE COUNTY SHERIFF DEPUTY MORASHITA, ORANGE COUNTY SHERIFF DEPUTY DURAN, INDIVIDUALLY AND AS PEACE OFFICERS IDENTIFIED AND DOES 1-20, that plaintiff was faint. Plaintiff was in need of medical care. While on the ground, ORANGE COUNTY SHERIFF DEPUTY BENSON, ORANGE COUNTY SHERIFF DEPUTY GARNER, ORANGE COUNTY SHERIFF DEPUTY MORASHITA, ORANGE COUNTY SHERIFF DEPUTY DURAN, INDIVIDUALLY AND AS PEACE OFFICERS IDENTIFIED AND DOES 1-20, quickly entered the holding cell and immediately and for no good reason began kicking, kneeing and punching plaintiff in the head and body causing serious injuries to plaintiff rather than providing reasonable and necessary emergency medical care. ORANGE COUNTY SHERIFF DEPUTY BENSON, ORANGE COUNTY SHERIFF DEPUTY GARNER, ORANGE COUNTY SHERIFF DEPUTY MORASHITA, ORANGE COUNTY SHERIFF DEPUTY DURAN, INDIVIDUALLY AND AS PEACE OFFICERS IDENTIFIED AND DOES 1-20, with the authority and ability to prevent the subordinate officers from violating PHILIP ELIOT'S civil rights unreasonably, unnecessarily and recklessly failed to do so.

**FIRST CAUSE OF ACTION-VIOLATION OF CIVIL RIGHTS-EXCESSIVE FORCE, 42 U.S.C. § 1983 BY PLAINTIFFS AGAINST ALL INDIVIDUAL DEFENDANTS**

7.	Plaintiff refers to and incorporates each and every allegation contained in paragraphs 1 through 6 of this complaint as though fully set forth herein at length.

8. This action at law for money damages arises under Title 42 U.S.C. § 1983 and the United States Constitution, the laws of the State of California and common law principles to redress a deprivation under color of state law of rights, privileges and immunities secured to Plaintiff by said statutes, and by the First, Fourth, and Fourteenth Amendments of the United States Constitution.

9. The events, acts and omissions herein complained of began on or about May 3, 2013 inside defendant's courthouse located at 700 Civic Center Dr. West, Santa Ana, California where plaintiff was in custody under defendants' care, custody and control.

10. Commencing at or about the aforementioned date and place, without cause or justification, and acting under color of law, Defendants ORANGE COUNTY SHERIFF DEPUTY BENSON, ORANGE COUNTY SHERIFF DEPUTY GARNER, ORANGE COUNTY SHERIFF DEPUTY MORASHITA, ORANGE COUNTY SHERIFF DEPUTY DURAN, INDIVIDUALLY AND AS PEACE OFFICERS IDENTIFIED AND DOES 1-20, and each of them, deprived Plaintiff of his rights secured by the First, Fourth, and Fourteenth Amendments to the United States Constitution in that Defendants and each of them, subjected plaintiff to excessive and unreasonable force and failed to provide reasonable, necessary and appropriate medical care.

11. By reason of the aforementioned acts and omissions of Defendants, and each of them, Plaintiff has incurred medical expense, lost income and other consequential damages in an amount as to be proven at the time of trial.

12. As a proximate result of the aforesaid acts and omissions of Defendants, and each of them, Plaintiff sustained great physical and mental pain and shock to his nervous system, fear, anxiety, torment, degradation and emotional distress.

13. By reason of the aforementioned acts of Defendants, and each of them, Plaintiff was

COMPLAINT FOR DAMAGES

1  compelled to secure the services of an attorney at law to redress the wrongs hereinbefore mentioned
2  and by virtue thereof, Plaintiff is indebted and liable for attorneys fees.

4      14.    The aforementioned acts and omissions of Defendants were committed by each of
5  them knowingly, wilfully and maliciously, with the intent to harm, injure, vex, harass and oppress
6  Plaintiff with a conscious disregard of Plaintiff's constitutional rights and by reason thereof, Plaintiff
7  seeks punitive and exemplary damages from Defendants, and each of them, (except Defendant
8  COUNTY) in an amount as proved.

## SECOND CAUSE OF ACTION-UNLAWFUL CUSTOM AND PRACTICE UNDER 42 U.S.C. § 1983 BY PLAINTIFFS AGAINST DEFENDANT COUNTY

13      15.    Plaintiff refers to and incorporates each and every allegation contained in paragraphs
14  1 through 14 of this complaint as though fully set forth herein at length.

16      16.    Defendant COUNTY is and at all times herein mentioned has been a public entity and
17  is authorized and existing as such in and under the laws of the State of California; and at all times
18  herein mentioned, Defendant COUNTY has possessed the power and authority to adopt policies and
19  prescribe rules, regulations and practices affecting the operation of the Orange County Sheriff's
20  Department and its tactics, methods, practices, customs and usages related to internal investigations,
21  personnel supervision and records maintenance, and the proper uses of force by its rank and file,
22  generally.

24      17.    At all times herein mentioned, Defendants DOES 1-10, and each of them were
25  employees acting under the COUNTY'S direction and control, were knowingly and intentionally
26  promulgated, maintained, applied, enforced and suffered the continuation of policies, customs,
27  practices and usages in violation of the First, Fourth, Eighth and Fourteenth Amendments respectively

to the United States Constitution, which customs, policies, practices and usages at all times herein mentioned required, or at least encouraged the employment, deployment and retention of persons as peace officers who have a propensity for brutality and dishonesty and serious abuses of their duties as peace officers in the employment of the COUNTY.

18. Defendant COUNTY is alleged to have maintained or permitted official policies or customs of permitting the occurrence of the types of wrongs set forth above knowingly by, among other things, sanctioning the use of unreasonable force, failing and refusing to impartially investigate or discipline peace officers charged with the use of excessive force, whether such force is inflicted by officers using their hands, fists feet, batons, flashlights, guns or pepper spray.

19. More specifically, the unconstitutional policies, practices or customs promulgated, sanctioned or tolerated by defendant COUNTY include the following:

(1) Defendant COUNTY had knowledge, prior to and since this incident, of repeated allegations of abuse and assaultive misconduct toward custodial inmates;

(2) Defendant COUNTY had knowledge, prior to and since this incident, of similar allegations of abuse by Defendants, and refused to enforce established administrative procedures to insure the safety of custodial inmates;

(3) Defendant COUNTY refused to adequately discipline individual officers and employees found to have committed similar acts of abuse and misconduct;

(4) Defendant COUNTY refused to competently and impartially investigate allegations of abuse and misconduct alleged to have been committed by Orange County Sheriffs Department;

(5) Defendant COUNTY covered up acts of misconduct and abuse by Orange County Sheriff's Department and sanctioned a code of silence by and among officers;

(6) Defendant COUNTY failed to adequately train and educate officers in the use of reasonable and proper force and failed to enforce the department's written regulations

with respect to the uses of force;

(7) Defendant COUNTY has maintained, sanctioned and approved a policy, practice and custom of using excessive force in violation of the Fourth and Fourteenth Amendments to the United States Constitution;

(8) Defendant COUNTY condones and encourages the conspiracy of silence among its employees for the purpose of concealing and furthering wrongful and illegal conduct by its employees, including but not limited to the use of unnecessary, unreasonable force in violation of the Fourth Amendment to the United States Constitution and the laws of the State of California and failing to impartially investigate claims of misconduct and abuse in accordance with acceptable law enforcement standards, tacitly condoning and approving illegality, brutality, corruption, dishonesty, including a peace officer's code of silence;

(9) Defendant COUNTY fostered and encouraged an atmosphere of lawlessness, abuse and misconduct, which by May 3, 2013 and thereafter, represented the policies, practices, customs and procedures amounting to deliberate indifference of the COUNTY.

(10) Defendant COUNTY systematically failed to maintain and enforce policies and procedures for communicating effectively with mentally ill or suicidal individuals.

(11) Defendant COUNTY systematically failed to train its peace officers regarding the culture and behavior of potentially suicidal individuals.

(12) Defendant COUNTY systematically failed to train its peace officers to communicate effectively with individuals who may be or are suicidal.

20. Pursuant to said policies, customs, practices and usages, Defendants ORANGE COUNTY SHERIFF DEPUTY BENSON, ORANGE COUNTY SHERIFF DEPUTY GARNER, ORANGE COUNTY SHERIFF DEPUTY MORASHITA, ORANGE COUNTY SHERIFF DEPUTY DURAN, INDIVIDUALLY AND AS PEACE OFFICERS IDENTIFIED AND DOES 1-20, and each

of them, were at all times herein mentioned are employed and retained as peace officers by Defendant COUNTY and by its employees, agents, and representatives acting under its direction and control, each of whom at all times herein mentioned, knew, or in the exercise of reasonable care should have known, that the aforesaid customs, practices, polices, and usages were unconstitutional by reason of their inherent unreasonableness and deliberate indifference to the lives, liberty and property of persons with which the sheriff's department come into contact, including Plaintiff, all in violation of the provisions of the First, Fourth, and Fourteenth Amendments to the United States Constitution.

21. By reason of and pursuant to the aforesaid policies, practices, customs, and usages, Plaintiff was deprived of this rights under the United States Constitution by Defendants COUNTY AND ORANGE COUNTY SHERIFF DEPUTY BENSON, ORANGE COUNTY SHERIFF DEPUTY GARNER, ORANGE COUNTY SHERIFF DEPUTY MORASHITA, ORANGE COUNTY SHERIFF DEPUTY DURAN, INDIVIDUALLY AND AS PEACE OFFICERS IDENTIFIED AND DOES 1-20,
and each of them, without provocation, justification or lawful excuse.

**THIRD CAUSE OF ACTION-VIOLATION OF CIVIL RIGHTS CAL. CIVIL §52.1 BY PLAINTIFF AGAINST ALL DEFENDANTS**

22. Plaintiff refers to and incorporates each and every allegation contained in paragraphs 1 through 21 of this complaint as though fully set forth herein at length.

23. Plaintiff is required to and has complied with applicable claims statutes;

24. At all times relevant herein, defendants ORANGE COUNTY SHERIFF DEPUTY BENSON, ORANGE COUNTY SHERIFF DEPUTY GARNER, ORANGE COUNTY SHERIFF DEPUTY MORASHITA, ORANGE COUNTY SHERIFF DEPUTY DURAN, INDIVIDUALLY

AND AS PEACE OFFICERS IDENTIFIED AND DOES 1-20, were acting within the course and scope of their employment with defendant COUNTY.

25. Plaintiff is informed and believes and thereon alleges Defendants COUNTY AND ORANGE COUNTY SHERIFF DEPUTY BENSON, ORANGE COUNTY SHERIFF DEPUTY GARNER, ORANGE COUNTY SHERIFF DEPUTY MORASHITA, ORANGE COUNTY SHERIFF DEPUTY DURAN, INDIVIDUALLY AND AS PEACE OFFICERS IDENTIFIED AND DOES 1-20,
committed the aforementioned acts of violence on plaintiff.

26. That defendants COUNTY AND ORANGE COUNTY SHERIFF DEPUTY BENSON, ORANGE COUNTY SHERIFF DEPUTY GARNER, ORANGE COUNTY SHERIFF DEPUTY MORASHITA, ORANGE COUNTY SHERIFF DEPUTY DURAN, INDIVIDUALLY AND AS PEACE OFFICERS IDENTIFIED AND DOES 1-20, injured plaintiff with an intent and to deprive and in fact deprived plaintiff of his rights to be free from unreasonable and excessive uses of force guaranteed by the U.S. Constitution and the laws of the State of California.

27. By reason of the aforementioned acts and omissions of Defendants, and each of them, Plaintiff has medical expense resulting from bodily injury, lost income and other consequential damages in an amount as to be proven at the time of trial.

28. As a proximate result of the aforesaid acts and omissions of Defendants, and each of them, Plaintiff sustained great physical and mental pain and shock to their nervous system, fear, anxiety, torment, degradation and emotional distress.

29. By reason of the aforementioned acts of Defendants, and each of them, Plaintiff was compelled to secure the services of an attorney at law to redress the wrongs hereinbefore mentioned

and by virtue thereof, Plaintiff is indebted and liable for attorneys fees.

30. The aforementioned acts and omissions of Defendants were committed by each of them knowingly, wilfully and maliciously, with the intent to harm, injure, vex, harass and oppress Plaintiff with a conscious disregard of Plaintiff's constitutional rights and by reason thereof, Plaintiff seeks punitive and exemplary damages from Defendants, and each of them, (except Defendant COUNTY) in an amount as proved.

**FOURTH CAUSE OF ACTION-BATTERY BY PLAINTIFF AGAINST ALL DEFENDANTS**

31. Plaintiff refers to and incorporates each and every allegation contained in paragraphs 1 through 30 of this complaint as though fully set forth herein at length.

32. That defendants ORANGE COUNTY SHERIFF DEPUTY BENSON, ORANGE COUNTY SHERIFF DEPUTY GARNER, ORANGE COUNTY SHERIFF DEPUTY MORASHITA, ORANGE COUNTY SHERIFF DEPUTY DURAN, INDIVIDUALLY AND AS PEACE OFFICERS IDENTIFIED AND DOES 1-20 beat, kicked and punched plaintiff repeatedly resulting in serious bodily injuries;

33. That defendants ORANGE COUNTY SHERIFF DEPUTY BENSON, ORANGE COUNTY SHERIFF DEPUTY GARNER, ORANGE COUNTY SHERIFF DEPUTY MORASHITA, ORANGE COUNTY SHERIFF DEPUTY DURAN, INDIVIDUALLY AND AS PEACE OFFICERS IDENTIFIED AND DOES 1-20, use of force while plaintiff was in custody and in need of medical care was excessive and unreasonable;

34. That plaintiff did not consent to the use of that force;

COMPLAINT FOR DAMAGES

35. By reason of the aforementioned acts and omissions of Defendants, and each of them, Plaintiff has medical expense resulting from bodily injury, lost income and other consequential damages in an amount as to be proven at the time of trial.

36. As a proximate result of the aforesaid acts and omissions of Defendants, and each of them, Plaintiff sustained great physical and mental pain and shock to their nervous system, fear, anxiety, torment, degradation and emotional distress.

37. The aforementioned acts and omissions of Defendants were committed by each of them knowingly, wilfully and maliciously, with the intent to harm, injure, vex, harass and oppress Plaintiff with a conscious disregard of Plaintiffs' constitutional rights and by reason thereof, Plaintiff seeks punitive and exemplary damages from Defendants, and each of them, (except Defendant COUNTY) in an amount as proved.

**FIFTH CAUSE OF ACTION-NEGLIGENCE BY PLAINTIFF AGAINST ALL DEFENDANTS**

38. Plaintiff refers to and incorporates each and every allegation contained in paragraphs 1 through 37 of this complaint as though fully set forth herein at length

39. Defendants and each of them owed plaintiffs a duty of care to act reasonably not to unreasonably injure plaintiff while plaintiff was in defendants' and each of them's care custody and control;

40. That defendants COUNTY AND ORANGE COUNTY SHERIFF DEPUTY

BENSON, ORANGE COUNTY SHERIFF DEPUTY GARNER, ORANGE COUNTY SHERIFF DEPUTY MORASHITA, ORANGE COUNTY SHERIFF DEPUTY DURAN, INDIVIDUALLY AND AS PEACE OFFICERS IDENTIFIED AND DOES 1-20, negligently and unreasonably beat, punched and kicked plaintiff rather than provide appropriate, reasonable and necessary medical care to plaintiff.

41. Defendants' beating of plaintiff breached that duty of care.

42. By reason of the aforementioned acts and omissions of Defendants, and each of them, Plaintiff has medical expense resulting from bodily injury, lost income and other consequential damages in an amount as to be proven at the time of trial.

43. As a proximate result of the aforesaid acts and omissions of Defendants, and each of them, Plaintiff sustained great physical and mental pain and shock to their nervous system, fear, anxiety, torment, degradation and emotional distress.

WHEREFORE, Plaintiff prays for judgment against Defendants and each of them as follows:

AS TO EACH CAUSE OF ACTION AS APPLICABLE

1. For general damages in the sum of according to proof
2. For special damages according to proof;
3. For Punitive damages as provided by law, in an amount to be proved against each individual Defendant;
4. For Attorneys Fees pursuant to 42 U.S.C. § 1988 and Cal. Civil Code § 52b
5. For costs of suit;
6. For such other and further relief as the Court may deem just and proper.

DATED: 5/28/14          GLASER, DAMONE & SCHROEDER

12

COMPLAINT FOR DAMAGES

By   /s/ Robert P. Damone
ROBERT P. DAMONE, Attorneys for
PLAINTIFF

**DEMAND FOR JURY TRIAL**

PLAINTIFF hereby demands trial by jury in this action.

DATED:      5/28/14              GLASER, DAMONE & SCHROEDER

By   /s/ Robert P. Damone
ROBERT P. DAMONE, Attorneys for
PLAINTIFF

13

COMPLAINT FOR DAMAGES