BRIAN L. WILLIAMS (State Bar No. 227948)
MICHAEL S. VASIN (State Bar No. 227945)
WANJA S. GUY (State Bar No. 275734)
**SULLIVAN, BALLOG & WILLIAMS, LLP**
400 North Tustin Avenue, Suite 120
Santa Ana, California 92705
Telephone:  (714) 541-2121
Facsimile:   (714) 541-2120
blw@sullivanballog.com
msv@sullivanballog.com
wsg@sullivanballog.com

Attorneys for Defendant
COUNTY OF ORANGE, DEPUTY MORISHITA, DEPUTY BENSON,
AND DEPUTY DURAN

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHILIP ELIOT,<br><br>          Plaintiffs,<br><br>vs.<br><br>COUNTY OF ORANGE; AND ORANGE COUNTY SHERIFF DEPUTY BENSON, ORANGE COUNTY SHERIFF DEPUTY GARNER, ORANGE COUNTY SHERIFF DEPUTY MORASHITA, ORANGE COUNTY SHERIFF DEPUTY DURAN, INDIVIDUALLY AND AS PEACE OFFICERS IDENTIFIED AND DOES 1-20,<br><br>          Defendants. | Case No.   8:14-CV-00893<br><br>Hon. Cormac J. Carney<br>Courtroom 9B<br><br>**[proposed]** PROTECTIVE ORDER RE: CONFIDENTIAL INFORMATION AND DOCUMENTS<br><br>Complaint Filed:   06/10/2014 |

Based upon the stipulation of the parties and good cause appearing therefor,

**IT IS HEREBY ORDERED** that:

Pursuant to the Provisions of Rule 26 (c) of the Federal Rules of Civil Procedure, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.  The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection

it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal. Nothing contained in this Protective Order is intended or should be construed as authorizing a party in this action to disobey a lawful subpoena issued in another action.

### A. DESIGNATION AS CONFIDENTIAL:

It is hereby stipulated that the defendants, COUNTY OF ORANGE, DEPUTY MORISHITA, DEPUTY BENSON, AND DEPUTY DURAN (hereinafter referred to as "Defendants"), may designate as "CONFIDENTIAL" material the following items produced in response to discovery:

1. Documents relating to personnel complaint(s) in connection with Plaintiff's allegations against the COUNTY OF ORANGE, DEPUTY MORISHITA, DEPUTY BENSON, DEPUTY GARNER and DEPUTY DURAN and/or their agents and employees and any accompanying administrative and/or executive summaries of the actions referenced in the personnel complaints;

2. The training records for DEPUTY MORISHITA, DEPUTY BENSON, DEPUTY GARNER and DEPUTY DURAN;

3. A list of COUNTY OF ORANGE, DEPUTY MORISHITA, DEPUTY BENSON, DEPUTY GARNER AND DEPUTY DURAN's personnel history regarding any personnel complaints made against them;

4. The accompanying administrative and/or executive summaries of the actions referenced in the personnel complaints;

5. Documents related to any internal investigation by the ORANGE COUNTY SHERIFF'S DEPARTMENT related to Plaintiff's allegations;

    6. ORANGE COUNTY SHERIFF'S DEPARTMENT's written policies and/or procedures; and

    7. Contact information, including home address and telephone number, for COUNTY OF ORANGE, DEPUTY MORISHITA, DEPUTY BENSON, DEPUTY GARNER and DEPUTY DURAN.

 The production of the aforementioned materials does not waive any objections with respect to the admissibility of any of these documents at time of trial. Moreover, inclusion of materials in the foregoing list does not waive any objection(s) to their production.

 The designation of "CONFIDENTIAL" material shall be made by placing or affixing upon written transcripts/documents in a manner which is not to interfere with its legibility, the word "CONFIDENTIAL," to each page that contains protected material. The designation shall be made prior to, or in compliance with, the future production of the above-referenced written and/or recorded materials.

  **B. USE OF CONFIDENTIAL MATERIAL:**

 Materials and information designated as "CONFIDENTIAL" under this Protective Order shall not be used or disclosed by any party or their counsel, or any person acting on their behalf, for any purpose whatsoever other than prosecuting, defending and attempting to settle this matter.

  **C. DISCLOSURE OF CONFIDENTIAL MATERIAL:**

 Counsel for any party shall not disclose or permit the disclosure of any material or information agreed to be designated as "CONFIDENTIAL" and the information contained therein, under this Protective Order to any other person or entity, including, but not limited to, Plaintiff PHILIP ELIOT, other persons who have or will file claims or lawsuits against the Defendants, media, entertainment or news personnel, attorneys' organizations or associations, or other organizations or associations that collect information about lawsuits against the Defendants.

///

**1. EMPLOYEES:** Disclosure may be made to employees of a party's counsel who are assisting in the preparation and trial of this action or any appeal regarding this action. Any employee to whom disclosure is made shall be advised of, shall become subject to, and shall agree in advance of disclosure to, the provisions of this Protective Order requiring that the material and information contained in therein be held in confidence.

**2. EXPERTS AND CONSULTANTS:** Disclosure may be made to experts employed by a party or their counsel to assist in the prosecution of this matter who have committed in writing in advance of disclosure to such party's counsel his/her agreement to be subject to the provisions of this Protective Order, requiring that the material and information contained in therein be held in confidence.

### D. COPIES, EXTRACTS, SUMMARIES and DESCRIPTIONS:

Any person having access to material or information designated as "CONFIDENTIAL" under this Protective Order shall not make copies, extracts, or summaries of the material or information contained in the material, or any portion thereof, except that copies, extracts, or summaries may be prepared by Plaintiff's counsel, or experts or consultants employed by Plaintiff's counsel in the prosecuting, defending and attempting to settle this matter. Any such copies, extracts, or summaries shall be treated as confidential material under the provisions of this Protective Order.

### E. DISPUTES:

Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

///

Any disputes as to the confidentiality will be made pursuant to Local Rules 37-1 through 37-4. Unless the Designating Party has waived the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the dispute.

### F.   USE AS EVIDENCE AND USE DURING DEPOSITIONS:

If, during any court proceeding, either pre-trial, post-trial or during trial, Plaintiff intends to offer into evidence any documents, exhibits, or other materials that reveal materials or information claimed to be confidential by Defendants, counsel for Plaintiff shall provide counsel for Defendants reasonable advance notice of such intention. In accordance with Local Rule 79-5.1, if any papers to be filed with the Court contain information and/or documents that have been designated as "CONFIDENTIAL," the proposed filing shall be accompanied by an application to file the papers or the portion thereof containing the designated information or documents (if such portion is segregable) under seal; and the application shall be directed to the judge to whom the papers are directed. For motions, the parties shall publicly file a redacted version of the motion and supporting papers. If, in connection with any deposition taken in this action, Plaintiff's attorneys question a witness regarding materials marked as "CONFIDENTIAL" by Defendants as agreed, or uses confidential material as deposition exhibits, the portion of the transcript containing such deposition testimony and exhibits shall be designated as confidential material and shall be subject to the provisions of this Protective Order.

### G.   RETURN OF DOCUMENTS:

Upon final termination of this action, whether by judgment, settlement or otherwise, counsel for Plaintiff shall return to counsel for Defendants, within 60 calendar days, all materials and all copies thereof in their possession or subject to their control, (including, but not limited to, materials furnished to consultants and/or experts) that was designated by Defendants as "CONFIDENTIAL" in accordance with

this Protective Order.

**H.** **<u>FAILURE TO COMPLY WITH PROTECTIVE ORDER</u>:**

Failure to comply with the Protective Order could subject the non-compliant individual/s to sanctions and punishment in the nature of contempt.

**I.** **<u>ADDITIONAL PARTIES</u>:**

If any other party to this civil litigation requests copies of the documents subject to this confidential protective order, counsel for the party to whom the request is made shall first provide a copy of the Stipulated Protective Order to the requesting party. The requesting party shall confirm in writing that both the party and their attorney(s) shall be bound by the terms of the Stipulated Protective Order. The writing must also include consent, by the person to whom disclosure is made, to be subject to the jurisdiction of this court with respect to any proceeding relating to the enforcement of this Stipulated Protective Order, including but not limited to, any proceeding for contempt.

The foregoing is without prejudice to the right of any party:

1. To apply to the court for a Protective Order relating to confidential material or related to discovery in this litigation;

2. To apply to the Court for an order permitting the removal of the "CONFIDENTIAL" designation from any documents;

3. To apply to the Court for an order compelling production of documents or modifications of this order or for any order permitting disclosure of confidential material beyond the terms of this order.

**IT IS SO ORDERED.**

DATED: <u>February 26, 2015</u>        _____
                                        THE HONORABLE ROBERT N. BLOCK
                                        United States District Court Magistrate Judge